UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                     v.

EMMANUEL MADERA,

                                 Defendant.

DECISION AND ORDER

18-CR-6130L
21-CV-6352L

_____

On January 10, 2019, defendant Emmanuel Madera ("Madera") pleaded guilty pursuant to a written Plea Agreement to Counts 1 and 4 of the Indictment. The Plea Agreement is attached as Exhibit 1 to the Government's Motion to Dismiss and Answer ("Answer"). The plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) where the parties agreed to a sentencing range under the United States Sentencing Guidelines ("Guidelines") of 87-108 months.

Madera appeared before this Court on July 9, 2019 for sentencing. (The Sentencing Hearing Transcript is attached to the Government's Answer as Exhibit 3). Subsequent to Madera's plea and 18 days before the July 9, 2019 sentencing, the United States Supreme Court issued its opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). As will be discussed at more length *infra*, the Court and counsel discussed that case at some length before the Court imposed sentence.

The Court accepted the Rule 11(c)(1)(C) Plea Agreement and sentenced Madera principally to concurrent terms of 96 months imprisonment, which was about the midpoint of the agreed-upon range. The Plea Agreement, by its terms, precluded filing an appeal or commencing any collateral attack on the judgment and sentence. Madera did not file a Notice of Appeal.

On April 28, 2021, approximately one year and nine months after Madera's sentence became final, Madera filed a motion to vacate the judgment and sentence pursuant to 28 U.S.C. § 2255. The sole basis for the petition is Madera's contention that the strictures announced in *Rehaif* control on this collateral proceeding and therefore the judgment should be vacated. In his motion, Madera also requests that this case be "held in abeyance" until the United States Supreme Court decides a case pending there, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021).

Madera's Petition must be denied and the case dismissed for several reasons. First of all, the action is clearly time-barred having been commenced nine months after the one-year statute of limitations for such motions as established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255(f)(1)-(4). That delay is so evident that nothing further needs to be said. However, there are other reasons procedurally and substantively which require denial of the petition and dismissal of the action.

## DISCUSSION

### Madera's Motion is Time-Barred

The Government in its Answer moves to dismiss the petition on the grounds that the petition is clearly time-barred. I agree, and would deny the petition and dismiss the case on this basis.

Madera was sentenced on July 9, 2019 and judgment was entered on July 15, 2019. That became final for purposes of AEDPA 14 days later, when the period prescribed within which to file a Notice of Appeal expired. The statute clearly provides that the one-year period of limitation begins to run on the date that the judgment of conviction becomes final. In this case, Madera

waited to file his motion one year and nine months after the conviction became final, and well outside the limitations period established by Section 2255(f)(1). The petition must be denied and the case dismissed for failure to comply with the statutory requirement.

It is true that the statute provides that in certain circumstances the limitation period may commence from a later date. However, none of those circumstances, which are set forth in the statute, apply here.

Madera's petition is based here solely on the Supreme Court's decision in *Rehaif*. This is not a case where Madera discovered what he believes to be a controlling Supreme Court decision after the one-year limitation had expired. It is clear beyond any doubt that Madera knew of the *Rehaif* decision on the day he was sentenced, July 9, 2019. The well-prepared prosecutor specifically broached the *Rehaif* decision and its requirements at the sentencing hearing and there was an extensive discussion about the case.

Madera claims now that the Supreme Court's ruling in *Rehaif* concerning the elements of the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and the requirements of a proper plea proceeding under Fed. R. Crim. P. 11 require that the judgment be vacated. Madera's delay in filing the petition cannot be explained or justified. Madera's request to delay decision on this case pending a possible decision in the Supreme Court in the *Gary* case which interpreted the requirements of *Rehaif* on the particular facts of that case, also does not cure the late filing of the Section 2255 petition.

So, based on the above, I determine that the petition here is time-barred under AEDPA, and the petition is hereby denied and the case dismissed.

There are, however, alternative grounds, both procedural and substantive, for denying the petition and dismissing the case.

**Procedural Default**

It is well established that a defendant may not raise a constitutional claim for the first time in a Section 2255 petition. *United States v. Frady*, 456 U.S. 152, 167 (1982). Claims that could have been raised on direct appeal but are instead raised for the first time in a Section 2255 petition are deemed to be procedurally defaulted and the petition dismissed on that basis. Madera, having been advised of the Supreme Court's *Rehaif's* decision on the day of his sentencing, could certainly have lodged a direct appeal to the Second Circuit based on that Supreme Court decision.

Admittedly, the Plea Agreement precluded filing an appeal but it also precluded the filing of this petition for collateral relief and that fact obviously did not prevent Madera from filing the instant collateral petition.

Madera must show cause for failing to raise the claim at the proper time and some prejudice from the error relied upon. Madera cannot do so. That being the case, the Court need only consider the matter if Madera can establish that he is "actually innocent." *Bouslay v. United States*, 523 U.S. 614, 622 (1998). Madera has never claimed such actual innocence and based on his guilty plea and the detailed factual basis set forth in the Plea Agreement, it would be folly to suggest actual innocence. Madera urges this Court to delay matters pending a decision from the Supreme Court in the *Gary* case. Unlike the situation in *Gary*, Madera's petition seeks relief on collateral review. The standards are significantly different and, as mentioned above, Madera has failed to establish cause justifying his failure to file a petition within the one-year limitation.

**<u>The Requirements Established in *Rehaif* has been Met in this Case</u>**

This petition must be denied and the case dismissed because it is time-barred. But on the merits, there is an equally compelling reason to dismiss the petition. The petition has no merit since the essence of the *Rehaif* decision has been satisfied in this case.

*Rehaif* established new requirements in a prosecution for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a). The Government must prove that the defendant unlawfully possessed the firearm but also that he knew that he had a prior felony conviction and that such a conviction made possession of a firearm unlawful.

Due to a very alert prosecutor, the *Rehaif* Supreme Court decision was brought to the attention of Madera, his lawyer and the Court. This occurred on the record on the date set for sentencing before the Court accepted the Rule 11(c)(1)(C) Plea Agreement and pronounced sentence. This discussion and colloquy with the defendant clearly appears to meet the requirements of *Rehaif*. It is so significant, and I believe determinative, that I set the matter here in full from the sentencing transcript, also at Government's Answer, Exhibit 3, pages 2-6. (Emphasis added).

> MS. KOCHER: Yes, Your Honor, the Government is ready to proceed.
> Before we get into sentencing, though, I was hoping there was something that we could address on the record given a recent Supreme Court decision? Rehaif, which is R-E-H-A-I-F, vs. United States.
> Given that Mr. Madera pled guilty to being a felon in possession of a firearm before the Supreme Court decision was issued, I was hoping we could address whether or not he will admit he had a prior felony conviction that he could have been sentenced to over a year imprisonment for and knew that because of that conviction, he should not have had a firearm. That's something that the recent Supreme Court case addressed.
> If Mr. Madera is not willing to admit that, I would ask if he wishes to withdraw his plea pursuant to Federal Rule of Criminal Procedure 11(d)(2).
> I did speak to Mr. Wicks about this briefly yesterday. I'm not sure if he's had a chance to discuss this with Mr. Madera.

MR. WICKS: I have had a chance to discuss it. I believe my client's ready to address that at this time if you'll ask the question.

THE COURT: Let me just -- I thought I was pretty up to speed on the Supreme Court decisions, but this had to do with whether or not Mr. Madera was -- had been previously convicted of a certain type of felony?

MS. KOCHER: Just whether or not he had a felony conviction. The Supreme Court position now requires the Government to prove the defendant knowingly possessed a firearm, but also that he was aware that he had this prior felony conviction that he could have been sentenced to over a year for.
That's not something that was something that was required to be proven, that he knew he could have been sentenced over a year.

THE COURT: All right. Tell me the name of the case again.

MS. KOCHER: Rehaif, R-E-H-A-I-F. Because it is so recent, I did attempt to find the Supreme Court cite, and I was -- I was unable to on Westlaw, but it was -- I think my office -- I received information about it on June 21st.

THE COURT: All right. And so the Government believes the requirement is that Mr. Madera must admit that he had a prior gun conviction?

MS. KOCHER: Just that he had a prior felony conviction. He has a 2016 -- it was on November 1st of 2016, a conviction for criminal possession of a controlled substance in the third degree. He was sentenced to one year in the Monroe County Jail.
So I'm asking that he admit -- admits that he knew he had that conviction; that he could have been sentenced to over one year; and because of that prior conviction, he knew he was prohibited from possessing a firearm.

THE COURT: All right. You don't think the recitation in the present plea agreement covers that? Paragraph 5(c) talks about -- I think we discussed this, that factual basis there indicated that Mr. Madera had been convicted November 1st, 2016, punishable by a term of imprisonment, and that he received an actual sentence of one year imprisonment.

MS. KOCHER: That's fine, Your Honor, if you would just readdress that with Mr. Madera following the Department of Justice –

THE COURT: Arguably it's been covered, but, Mr. Madera, do you acknowledge what was covered in the plea agreement, that you do have a prior felony conviction of possession of a controlled substance in the third degree, which was punishable by a term of imprisonment exceeding one year, and that you received an actual sentence of one year? That's the first question.
Do you understand that –

6

THE DEFENDANT: Yes, sir.

THE COURT: -- fact? All right. ***Do you acknowledge and admit that you knew you had that prior conviction when you possessed the weapon here on May 30th, 2018?***

THE DEFENDANT: ***Yes***.

THE COURT: Okay. Okay with that, Mr. Wicks?

MR. WICKS: Yes, Judge.

THE COURT: Ms. Kocher?

MS. KOCHER: Your Honor, I would just ask additionally if Mr. Madera would admit because of that conviction, he knew he was prohibited from possessing a firearm.

THE COURT: Do you agree with that, Mr. Madera?

THE DEFENDANT: Yes.

MS. KOCHER: Thank you.

The colloquy speaks for itself but a couple of matters are worth noting. First of all, it is clear that the prosecutor raised this issue with defense counsel prior to their appearance for sentencing. Defense counsel acknowledged discussing the issue with Madera and indicated that he was prepared to answer the relevant questions.

The prosecutor squarely put the *Rehaif* matter to Madera as to whether he would admit that he had a prior felony conviction and that he knew that because of that conviction he should not have possessed the firearm. Also of importance is the fact that she advised Madera that if he was <u>not</u> willing to confirm those matters, he might wish to withdraw his guilty plea. Interestingly, neither Madera nor his counsel pursued that option.

There appears to be ample reason not with withdraw the plea. Madera had a fairly beneficial Plea Agreement. He had also been indicted and charged with a violation of 18 U.S.C.

7

§ 924(c), possession of a firearm in furtherance of a drug trafficking crime. If convicted after trial or by plea of that charge, he faced a mandatory minimum five years sentence consecutive to any other sentence. So Madera avoided that consequence by proceeding on the existing Plea Agreement. In addition, because the Plea Agreement was a Rule 11(c)(1)(C) agreement, the Court's sentencing option was capped at 108 months.

The Court directly asked Madera if he acknowledged that he had a prior felony conviction. The Court also referenced the fact that his conviction was set forth in the factual basis of the Plea Agreement. In any event, during this colloquy, Madera admitted having such conviction.

Furthermore, as the Government points out in its Answer, pages 14-15, during the original plea colloquy, Madera's prior felony conviction was mentioned on four different occasions. First, when the Court referenced the filing of the Section 851 Information, which increased his potential punishment to 30 years imprisonment; during the Court's discussion of the elements of the Section 922(g)(1) violation. It was also referenced during the Court's discussion of the factual basis and also during the discussion with Madera about his constitutional rights to a trial. Madera either agreed to the statements about his prior conviction or never challenged the fact. Also of course, as the Government points out, the thorough Presentence Report contains a recitation of Madera's prior conviction and at the time of sentencing, Madera acknowledged reviewing that report and having no objections to it.

During the colloquy before sentencing, the Court asked Madera to confirm that he knew that he had the prior conviction when he possessed the weapon on May 30, 2018 and that he knew that because of that conviction he was prohibited from possessing the firearm. Both Madera, his counsel and the prosecutor agreed that that inquiry was sufficient. *Rehaif* requires nothing more.

8

Therefore, this proceeding was essentially a supplemental Rule 11 colloquy. It supplemented what had occurred at the time the plea was taken in July 2019, and was supplemented to comply with the Supreme Court's *Rehaif's* decision. The Court did not proceed immediately to sentencing but engaged in the discussion referenced above. This clearly appears to comport with the requirements of *Rehaif*. And as mentioned, Madera was specifically advised that if he declined to admit the elements now required by *Rehaif*, he could seek to withdraw his plea. That is the very nature of the relief that Madera seeks here in this Section 2255 petition; a remedy which he declined to take on July 9, 2019 during the supplemental Rule 11 colloquy.

In sum, Madera's contention that he is entitled to relief for failure to comply with the requirements of *Rehaif* is without merit and the petition must be denied on this basis as well, in addition to the fact the petition is time-barred.

## CONCLUSION

The petition filed by Emmanuel Madera for relief under 28 U.S.C. § 2255 is dismissed on the grounds that it is time-barred, having been filed beyond the one-year statute of limitations, 28 U.S.C. § 2255(f)(1). Alternatively, the petition is denied and the case dismissed because Madera has failed to establish a constitutional or federal law violation. Madera's claims based on the Supreme Court decision of *Rehaif v. United States*, 139 S. Ct. 2191 (2019) is without merit and the petition is and should be denied and the case dismissed.

The Court declines to issue a certificate of appealability because the defendant has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 18, 2021.